UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES<br><br>Plaintiff,<br><br>v.<br><br>CARLOS AYALA,<br><br>Defendant. | Case No. 1:24-cr-00326-JDB |

DEFENDANT'S MOTION TO MODIFY
CONDITIONS OF PRETRIAL RELEASE

Defendant CARLOS AYALA, by and through undersigned counsel, moves this Court pursuant to 18 U.S.C. § 3142 *et seq.* to allow Mr. Ayala to possess two firearms--one shotgun and one rifle--for use on his farm. In support of this motion, Mr. Ayala states as follows:

On January 8, 2024, Mr. Ayala self-surrendered to FBI agents near Salisbury, Maryland on the strength of a recently issued criminal complaint, charging four misdemeanors and a felony from events at the Capitol on January 6, 2021. On that same date, Mr. Ayala was released under supervision of Pretrial Services Administration ("PSA") with a variety of conditions, including that he not possess a firearm. With the consent of the United States Attorney's Office, Mr. Ayala transferred control over his firearm collection to his wife, and he has not accessed the locked storage facility containing the firearms since imposition of the condition.

Since his release over eight months ago, Mr. Ayala has remained in complete compliance with all terms of his release, which is supervised by the U.S. Probation Office in the District of Maryland, where Mr. Ayala resides.

1

On March 7, 2024, the Court approved Mr. Ayala's request to travel to Spain from March 10 to March 16 to attend an event celebrating the life of his father. Mr. Ayala complied with all of the Court's requirements, and there were no complications stemming from that temporary modification.

Mr. Ayala respectfully asks the Court to modify the conditions of his release to permit him to possess two firearms-- one shotgun and one rifle-- for use on his farm during the pendency of this case. With his wife's assistance, Mr. Ayala could retrieve these two firearms from his existing collection, and the possession and usage would be limited to use on his farm.

Mr. Ayala owns 378 acres of farmland near Salisbury, Maryland where he grows a variety of fruits and vegetables. Over his years of living in Wicomico County, he has had periodic encounters with animals suffering from rabies and/or distemper. Mr. Ayala and two other family members were forced to undergo full-course rabies treatments after exposure to a rabid animal in 2010. (Exhibit A consists of the cover sheets from extensive medical records). Neither the Animal Control Board nor Department of Natural Resources will take measures against the diseased animals at Mr. Ayala's farm because it is outside of the Salisbury city limits.

In September, an obviously diseased and unafraid fox took up residence in the Ayala's garage. (See Exhibit B). Because family dogs fought with the fox, one of the dogs required a rabies booster. In short, there are both historical and ongoing reasons for Mr. Ayala to take measures to protect his family and pets from rabid animals.

In addition, left unchecked, many animals (typically deer) will cause crop destruction that has serious economic consequences for a working farm. Mr. Ayala would respectfully request the right to use a shotgun or rifle in that context as well. Exhibit C shows recent photographs of animal-caused crop damage on his farm.

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the Court may impose "the least restrictive further condition, or combination of conditions, that . . . will reasonably assure . . . the safety of any other person and community," including the condition that a defendant "refrain from possessing a firearm, destructive device, or other dangerous weapon."  18 U.S.C. § 3142(c)(1)(B)(viii).

Courts have recognized that a defendant's individualized circumstances warrant tailoring of the condition prohibiting a defendant from possessing firearms, including in cases connected to the January 6, 2021 events at the Capitol.

For example, in 2021, Magistrate Judge Zia M. Faruqui permitted a defendant, Jared Kastner, to possess a firearm while serving on his church's security detail during his Wednesday and Sunday services. *See* Order Setting Conditions of Release at 2-3, *United States v. Kastner*, No. 21-cr-725-1, ECF No. 11 (D.D.C. Dec. 14, 2021). In another case, Donald R. Workman, who like Mr. Ayala faces felony charges arising out of his alleged conduct at the Capitol, was permitted to possess one shotgun and one rifle in connection with his agricultural work.  *See* Order Setting Conditions of Release at 2, *United States v. Workman*, No. 24-MJ-00075-BR, ECF No. 8 (N.D. Tex. Aug. 19, 2024).

Mr. Ayala respectfully submits that a similar condition is equally, if not more, reasonable under the circumstances of his case.  Unlike Mr. Workman, Mr. Ayala has not been charged with committing an act of physical violence in the Capitol Grounds or Buildings under 40 U.S.C. § 5104(e)(2)(F). And, Mr. Ayala's individual circumstances, like those of both Workman and Kastner, make a partial lifting of the firearm condition reasonable.  Allowing Mr. Ayala to possess one shotgun and one rifle for use on his farm would therefore both be sufficient to ensure the safety of other persons and the community and would be reasonably tailored to Mr. Ayala's individual circumstances.

Alternatively, Mr. Ayala would ask permission to use a crossbow from his secured collection of weapons to protect his farm from rabid animals and crop destruction. He is less adept with its usage, but it would remain better than the current state-of-affairs of being relatively defenseless against animal intrusions.

Officer Megan Kelly, the supervising pretrial services officer in Maryland, has indicated that the U.S. Probation Office opposes the possession of firearms under any circumstances, based upon the nature of the charged offense and institutional concerns for officer safety.

AUSA Sarah Martin indicated on October 15, 2024 that the government opposes the motion.

WHEREFORE, Mr. Ayala requests that the Court modify his conditions of release to allow him to possess one shotgun and one rifle for use on his farm during the pendency of this case.

Respectfully submitted,

James M. Trusty
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006-2004
(202) 524-4140 – Tel.
(202) 524-4141 – Fax
jtrusty@ifrahlaw.com

*Counsel for Defendant CARLOS AYALA*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2024, I served the foregoing by electronically using the CMF/EMF system.

                                          Respectfully submitted,

                                          James M. Trusty
                                          *Counsel for Defendant CARLOS AYALA*