**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 24-cr-00326-JDB** |
| | : | |
| **CARLOS AYALA,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO**
**MODIFY CONDITIONS OF RELEASE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its opposition to defendant Carlos Ayala's motion to modify his conditions of release to allow him to "possess one shotgun and one rifle for use on his farm during the pendency of this case." ECF No. 30 at 4.

**Background**

On February 9, 2024, the defendant, Carlos Ayala, was arrested on a complaint charging him with five counts, including Obstruction of Law Enforcement During Civil Disorder, stemming from his conduct on January 6, 2021. ECF No. 1. The defendant made his initial appearance in the District of Columbia that same day. The defendant was released on his personal recognizance with several conditions, including to "not possess a firearm, destructive device, or other weapon. ECF No. 6 at 2.

On October 16, 2024, the defendant filed the instant motion requesting this Court "modify the conditions of his release to permit him to possess two firearms -- one shotgun and one rifle -- for use on his farm during the pendency of this case." ECF No. 30 at 2. As the basis for its motion, the Defendant argued that use of a firearm is necessary to: (1) "protect his family and pets from rabid animals", and identified two prior instances of rabid animals over a 14-year period, *id*; and

1

(2) prevent crop damage from various animals, *id.*

Pretrial Service's opposes the motion due to the nature of the charged offense and concerns for officer safety.  *Id.* at 2.

Alternatively, the defendant proposes that, if a rifle and/or shotgun is not permitted, he be permitted to wield a "crossbow".  *Id*. at 4.

## Argument

The government opposes the defense motion.  The identified concerns do not justify a change in release conditions to allow possession of a firearm.

The defendant appears to argue that a weapon in the form of a rifle, shotgun, or crossbow is the only solution to ward off rabid animals or damage to his crops—that is simply not the case. The defendant claims that "[n]either the Animal Control Board nor Department of Natural Resources will take measures against the diseased animals at Mr. Ayala's farm because it is outside of the Salisbury city limits," *Id.* at 2. However, a review of the Wicomico County Animal Control shows that it handles animal control issues <u>exclusively outside</u> of Salisbury city limits.  *See* https://wicomicohumane.org/wicomico-county-animal-control/ ("County Animal Control can not handle animal control issues within Salisbury city limits. You can contact City of Salisbury Animal Control at 410-548-3165.")    As for the Maryland Department of Natural Resources (DNR), it is again unclear why Salisbury city limits would be a jurisdictional issue for a state agency, and the DNR policy manual makes clear that, "[r]esponse to calls for service relating to sick, nuisance, or injured wildlife are generally the primary responsibility of DNR Wildlife and Heritage Service. *See*    https://dnr.maryland.gov/nrp/Documents/Policy-Procedures/NRP-Policy-Manual.pdf    at § 802.3 DNR WILDLIFE AND HERITAGE SERVICE.[1]  DNR also advises of the availability of

---

[1] The DNR policy manual identifies two types of response calls they will handle: "(a) Wildlife-

U.S. Department of Agriculture Wildlife Service Operators for reporting sick, nuisance, or injured wildlife. *See* https://dnr.maryland.gov/wildlife/Pages/plants_wildlife/wildlifeproblems.aspx. Thus, public resources may yet be available to the defendant to address his concerns about uncommon rabid animal on his property (twice in fourteen years, as set forth in his motion).

Even if government resources are not available, the defendant's need to possess a firearm or other dangerous weapon to address the issues he has raised as the sole remedy is far from clear. What is clear, though, through the defense filings in this case, *see* ECF No. 14 and 30, is that the defendant is not at a loss for financial resources. Indeed, the breadth of the defendant's farmland implies that the responsibilities of tending the land do not fall solely on the defendant. The conditions of the defendant's release do not apply to other employees or even family members who tend the property. Before the Court grants the extreme measure of allowing the defendant, who is charged with felony obstruction of law enforcement during a violent riot, to possess a firearm, it appears other, more reasonable alternatives may be available and should be explored.

Further, it is not clear that lethal force is required for crop protection. The defense motion does not discuss any measures he has already taken (if any) to prevent animal interference with his crops or how those measures have fallen short. For example, it is not clear that the defendant has attempted any of the deer damage management techniques advised by the State of Maryland. *See* https://dnr.maryland.gov/wildlife/pages/hunt_trap/ddmtexclude.aspx. More to the point, the State does not identify the use of firearms as a preferred deer damage management technique.

More importantly, as noted by Pretrial Services, the nature of the charged offense and

---

related matters during periods when DNR Wildlife and Heritage Service personnel are available. [And,] (b) Ongoing or persistent wildlife nuisance complaints. Such complaints may be scheduled, if reasonable, for handling during periods that DNR Wildlife and Heritage Service personnel are available for investigation and resolution."

institutional concerns for officer safety strongly weigh against modifying the defendant's firearm condition.  Irrespective of the correctness of the defendant's claim regarding the State's willingness to lend aid, the defendant's need for a firearm does not overcome the concern for community and officer safety.  Even where, as here, the charges do not involve the use of firearms, the condition prohibiting possession of firearms is recognized as necessary and appropriate in many cases for the protection of persons, including Pretrial Services Officers, responsible for supervising pretrial release.

Permitting a defendant to keep a firearm or other weapon on his person or at his residence poses an unreasonable risk to the officers who may need to conduct a home visit without warning. This view is shared here and across the country. *See United States v. Kastner*, No. 21-cr-725 (RDM)[2] (ECF 42 at 6) (denying request to modify release conditions of January 6 defendant charged with the same non-violent misdemeanors as Mr. Ayala to permit firearms in his home in light of concerns of supervising Pretrial Services officers); *United States v. Slye*, 2022 WL 9728732, at *3 (W.D. Pa. Oct. 6, 2022) *citing United States v. Perez-Garcia,* 2022 WL 4351967, at 4 (S.D. Cal. Sept. 18, 2022) (this condition is regularly imposed in this and other judicial districts because it serves to ensure the safety of Pretrial Services Officers who conduct home and work site visits), *aff'd* 96 F.4th 1166 (9th Cir. 2024), and *United States v. Smedley*, 611 F. Supp. 2d 971, 964 (E.D. Miss. 2009) (a precaution to safeguard pretrial services officers who have contact with defendant in their supervisory duties).  Therefore, in balancing the safety of Pretrial Services officers with Mr. Ayala's personal desire to possess firearms for personal and property protection against wildlife, the government submits that the defendant has failed to offer a compelling,

---

[2] The *Kastner* case was reassigned to Magistrate Judge Moxila Upadhyaya after the decision cited above was issued.

countervailing narrative that justifies the elimination of the firearm restriction.

<u>**Conclusion**</u>

WHEREFORE, in light of the foregoing, the government respectfully requests that the Court deny the defendant's motion to modify his release conditions.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Patrick Holvey*
PATRICK HOLVEY
DC Bar No. 1047142
SARAH C. MARTIN
D.C. Bar 1612989
Assistant United States Attorneys

601 D Street NW
Washington, DC

(202) 252-7224
Patrick.Holvey@usdoj.gov
202-538-0035
Sarah.Martin@usdoj.gov