**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 24-cr-00326-JDB** |
| | : | |
| **CARLOS AYALA,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO
TEMPORARILY MODIFY CONDITIONS OF RELEASE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its opposition to defendant Carlos Ayala's motion to temporarily modify his conditions of release to allow for travel to El Salvador (ECF No. 37)

On February 9, 2024, the defendant, Carlos Ayala, was arrested on a complaint charging him with five counts, including Obstruction of Law Enforcement During Civil Disorder, stemming from his conduct on January 6, 2021. ECF No. 1. The defendant made his initial appearance in the District of Columbia that same day. The defendant was released on his personal recognizance with several conditions, including abiding by restrictions on travel; namely, that he notify PSA in advance of travel outside of Maryland, and obtain Court approval for travel outside of the continental United States. ECF No. 6 at 2.

On December 4, 2024, the defendant filed the instant motion requesting "permission to take his family on a Christmas holiday trip." Def. Mot. at 2. The Motion does not identify Pretrial Service's position on the travel. The government conveyed its opposition to defense, which was included in the defendant's motion, *id.*, but will elaborate here.

The defendant awaits trial on serious charges, including a felony, in the instant case. While the government may consent to travel if it were necessary for the defendant's employment or

family caretaking responsibilities, this proposed travel is none of those things. The defendant

seeks leave to travel internationally for pleasure, proposing to take a family vacation for two full

weeks. The government cannot agree to such a request given the seriousness of the charges here

and PSA's inability to effectively monitor or account for the defendant on an unnecessary overseas

trip. As another court in this District noted previously, "Defendant's pre-trial release conditions

must 'reasonably assure [his] appearance' in this case. 18 U.S.C. § 3142(c)(1)(B). The

Government's lack of recourse should Defendant violate his pre-trial conditions during this

international trip weighs against granting Defendant's request." *United States v. Ryan Orlando*,

D.D.C. No. 1:24-cr-40-CKK, ECF 20 (February 29, 2024) (denying international travel request

for educational opportunity).

      WHEREFORE, in light of the foregoing, the government respectfully requests that the

Court deny the defendant's motion to temporarily modify his release conditions.[1]

                       Respectfully submitted,

                       MATTHEW M. GRAVES
                       United States Attorney
                       D.C. Bar No. 481052

By:    */s/ Patrick Holvey*
                       PATRICK HOLVEY
                       DC Bar No. 1047142
                       SARAH C. MARTIN
                       D.C. Bar 1612989
                       Assistant United States Attorneys

                       601 D Street NW
                       Washington, DC

                       (202) 252-7224
                       Patrick.Holvey@usdoj.gov

---

[1] Should the Court be inclined the grant the Defendant's motion, the government requests that the Court's order require the Defendant to waive extradition, which was previously required with respect to Defendant's travel to Spain. *See* Minute Entry, dated March 5, 2024.

202-538-0035
Sarah.Martin@usdoj.gov