UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 24-cr-326 (JDB) |
| : | |
| CARLOS AYALA, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO RETURN PROPERTY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its opposition to defendant Carlos Ayala's motion to return property, which was filed on November 20, 2024 (ECF No. 32).

### BACKGROUND

On January 9, 2024, the defendant, Carlos Ayala, was arrested on a criminal complaint charging him with five counts, including Obstruction of Law Enforcement During Civil Disorder, stemming from his conduct on January 6, 2021. ECF No. 1. That same day, the government executed a search warrant at the defendant's residence in Salisbury, Maryland, and seized evidence responsive to that search warrant, including three electronic devices: an iPhone, iPad, and laptop (hereinafter "the devices").

To date, successful extractions and filter reviews have been conducted on the defendant's iPhone and iPad; however, the Federal Bureau of Investigation ("FBI") is still attempting to complete an extraction of the defendant's laptop. Throughout the intervening period, the government and defense counsel have discussed the ultimate return of the defendant's property once extractions are complete. At all times during those conversations, the government made clear that the return of the devices was contingent on a stipulation regarding the authenticity of the

1

digital images extracted from the devices to ensure that the government could authenticate that evidence in future proceedings, including trial.  Notwithstanding such a stipulation, the government would otherwise be entitled to retain evidence for future use at trial and in related litigation.

On July 17, 2024, the Grand Jury returned an Indictment charging the defendant with the five counts initially charged by complaint.  ECF No. 27.

On November 20, 2024, the defense filed the instant motion to return property, arguing that his devices should be returned because the government has no legitimate investigative need for the devices.  *See generally* ECF No. 32.  On November 27, 2024, in a continued effort to reach a mutually agreeable solution in advance of further litigation, the government emailed the defense a proposed stipulation as to the authenticity of the digital images of the iPhone and iPad, which would enable the return of those two devices (the stipulation did not include the laptop as a successful extraction has not yet been performed).  The defendant responded through counsel that he could not agree to such a stipulation, explicitly raising the concern that there was no way for the defendant to know "if the digital images are accurate."  With that impasse, the government now responds to the defendant's motion seeking return of the devices.

## ARGUMENT

The defense asks this Court to compel the government to return evidence of the defendant's criminal conduct prior to trial, where the return of such evidence would (1) compromise the government's ability to authenticate that evidence in a future proceeding; and (2) with respect to the laptop, cause the government to lose potentially valuable evidence.  *See* ECF No. 32.  In

support of its motion, the defense argues that return of the devices is appropriate under Rule 41(g)[1] because the government's "retention of [the defendant's] property is not based on a legitimate investigative need or the newfound discovery of unreviewed evidence."[2] *Id*. at 5. The defense motion is meritless.

First, the defense's claim that the devices do not have evidentiary value is false. To date, the government has performed extractions on both the defendant's iPhone and iPad, which have revealed evidence of the defendant's motive and conduct on January 6th. While law enforcement is still working on obtaining an extraction from the laptop, a lawful search warrant was obtained to search the defendant's devices because there is probable cause to believe the devices contain evidence of the underlying offenses. Regardless, the proper analysis under Rule 41(g) requires no such evaluation of the devices' potential evidentiary value.

This Circuit has explained that "[t]he general rule is that seized property, other than contraband, should be returned to its rightful owner *once the criminal proceedings have terminated*." *United States v. Farrell*, 606 F.2d 1341, 1343 (D.C. Cir. 1979) (emphasis added). Here, the defendant is under criminal Indictment with a trial date set for June 2, 2025. Thus, his criminal proceeding has not terminated and he is not entitled to a return of his devices. *Id.*; *see*

---

[1] Rule 41(g) states that a motion to return property must be filed in the district where the property was seized. Fed. R. Crim. P. 41(g). The defendant's devices were seized pursuant to a search warrant in the District of Maryland. However, the government does not currently object to this Court addressing the motion, given that the Court is in the best position to evaluate the merits of the motion. However, the government does not concede that such a provision necessarily applies, where the defendant is not alleging an unlawful seizure.

[2] In its motion, the defendant seems to imply that the government was somehow acting in bad faith after efforts to return the devices to the defendant were unsuccessful. However, given multiple practical and legal hurdles—including setting up a filter team for the devices after being alerted to the presence of privileged material—the government's attempts to have the devices expeditiously returned after extraction were delayed. Nonetheless, government counsel was clear throughout that the pretrial return of property was contingent on a stipulation as to authenticity of the extractions from the devices.

*also United States v. Chansley*, No. 1:21-cr-3-RCL, 2024 WL 3673672, at *2 (D.D.C. Aug. 5, 2024) (explaining that courts may rightfully refuse the return of "property [] subject to government retention pending termination of the trial").

In seeking return of his devices, the defendant cites to *Chansley* and *United States v. GossJankowski*, 669 F. Supp. 3d 1, 3 (D.D.C. 2023).  However, both of those cases are distinguishable.  In *Chansley*, the defendant was charged in January 2021 for his involvement in the Capitol Riot and pled guilty in September 2021 pursuant to a plea agreement.  No. 1:21-cr-3-RCL, 2024 WL 3673672, at *2.  The motion to return property was filed three years later.  *Id.*  The government opposed that motion in part because the defendant appeared to continue to challenge his criminal conviction in light of the Supreme Court's decision in *Fischer v. United States*.  *Id.* at 3.  The Court granted the motion, explaining that it was unclear how the defendant would be able to challenge his conviction such that the government would need his property as evidence to prove his guilt, and regardless, there is ample evidence of his conduct on January 6th rendering the retention of his property unreasonable given the unique circumstances, the case's closure, and the time frame in question.  Here, however, the defendant was charged and the devices were seized in February 2024—10 months ago—and the defendant is still awaiting trial.  Thus, the value of the evidence is not speculative—a trial date has been set and such evidence will be presented to prove the defendant's guilt.  *Chansley* is simply inapposite.

*GossJankowski* is similarly different.  In that case, the defendant was charged in January 2021, again for his conduct in the Capitol Riot, and law enforcement seized multiple devices pursuant to a search warrant.  Extractions were obtained from some, but not all, of those devices at the time the motion was filed in September 2022—more than a year after the devices were seized.  *Id.* at 3-4.  In support of his motion, the defendant argued that (1) extractions had not been

sought for certain devices and the government therefore did not need those specific devices; and (2) deprivation of the numerous devices made it difficult for him to prepare for trial because he was deaf and used his devices for interpretation. *See id.* The government acknowledged that law enforcement had completed their extractions of the devices but argued retention was necessary to prove authenticity of that evidence at trial. *Id.* at 5. The Court granted the defendant's motion, explaining that "[t]he government has already made copies of the information on the devices that it may need for trial, and it appears that nothing on the remaining devices [] is relevant." *Id.* at 6. The Court further stated that the devices were not stolen, contraband, or otherwise forfeitable, and that the defendant "needs to use some of these devices in order to communicate with counsel." *Id.* As to the concern of proving authenticity, the Court insisted the government could overcome that hurdle by calling a witness to testify that the digital image was pulled from the specific device. *Id.*

Here, unlike in *GossJankoski*, the defendant has not raised any concern that he is unable to prepare his defense due to the absence of his devices. *See generally* ECF No. 32. Furthermore, the FBI is still attempting to extract an image from the defendant's laptop, and the return of that device would result in the potential loss of evidence.

Even if an extraction of the laptop had been completed, the concern regarding authenticity remains. While the Court in *GossJankowski* passingly dismissed that concern, the government respectfully disagrees with the Court's proposed remedy, *i.e.*, a witness to testify that an extraction was performed on the device. That remedy does not address a potential allegation at trial that the digital image of a device is not accurate. In fact, such claims have been raised in the context of January 6 prosecutions. *See, e.g.*, *United States v. Federico Guillermo Klein*, 1:21-cr-236-JDB (D.D.C.), ECF 40 at 4 n.2 ("Of course, a defendant can, and Mr. Klein respectfully reserves the right to, challenge the authentication of any records extracted from a cellular device and may also

5

call a forensic expert to challenge the same.). The *only* way for the government to fully defend against such an accusation is to maintain the ability to compare the extracted digital image with the device itself. While an FBI witness may be able to testify that he or she performed an extraction on a specific device, it will be the witness's word against the defense that the extraction is accurate. Given that defense counsel in this case has explicitly raised the concern of accuracy of the digital image, retention of the devices is necessary to ensure the government can adequately rebut such a defense at trial. And given that such a device contains evidence of the crime in advance of a trial, evidentiary retention is not only practical, but amply supported under the law.

## CONCLUSION

WHEREFORE, in light of the foregoing, the government respectfully requests that the Court deny the defendant's motion to return property.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052


By:   /s/ *Sarah C. Martin*
Sarah C. Martin
Assistant United States Attorney
D.C. Bar 1612989
601 D Street NW
Washington, DC
202-538-0035
Sarah.Martin@usdoj.gov

Patrick Holvey
Assistant United States Attorney
D.C. Bar 1047142
(202) 252-7224
Patrick.Holvey@usdoj.gov