**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **No. 24-cr-326 (JDB)** |
| | : | |
| **CARLOS AYALA,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR A BILL OF PARTICULARS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its opposition to defendant Carlos Ayala's motion for a Bill of Particulars (ECF No. 33).

The Court should deny defendant's motion because the defendant improperly asks the Court to compel the government to provide a detailed exposition of its trial evidence and arguments, and because the information sought is available to the defendant in the government's discovery and from other sources.

## LEGAL STANDARD

The Federal Rules of Criminal Procedure require that an "information . . . be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). A charging instrument "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Generally, an information is sufficient if it "set[s] forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the

elements necessary to constitute the offence intended to be punished." *Id*. (internal quotation marks omitted).

The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. 1987). If an indictment or information "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars is not a matter of right and is only ordered when "necessary." *United States v. Sanford Ltd*., 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (quoting 1 Charles Alan Wright & Andrew Leipold, *Federal Practice and Procedure: Criminal § 130* (4th ed. 2008). A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *Sanford Ltd*., 841 F. Supp. 2d at 316 (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same).

**ARGUMENT**

First, the Indictment language as to Count One is sufficient under Rule 7 because it sets forth the words from the statute itself and provides the defendant with sufficient notice to mount a defense. *See Hamlin*, 418 U.S. at 117 (1974); *see also United States v. Cisneros*, 26 F. Supp. 2d 24, 55-56 (D.D.C. 1998) ("Where a defendant has enough information to understand the charges alleged in the indictment against him and to conduct his own investigation of those charges, the government should not be required to prepare a bill of particulars."); *see also id*. ("The Government does not have a duty to furnish all the facts that the defendant wants.")

Second, the government has provided the defendant ample information in addition to the Indictment to enable him to prepare his defenses. Significantly, the affidavit in support of the criminal complaint contains detailed allegations, including photographs, of the defendant's conduct on January 6th. ECF No. 1. Moreover, the government has provided the defendant with case-specific discovery that includes documentation of FBI interviews, video footage of the defendant from January 6th, and other information relevant to this case. While the defense takes issue with the volume of the government's global discovery, the aforementioned case-specific discovery was separately provided and is, as stated, *specific* to the defendant.

Third, the government has engaged with defense counsel in his quest to probe the government's theory at trial. ECF No. 33 at 3. Yet, the defendant still seeks more, asserting that the government "must clarify the extent to which Mr. Ayala is being charged under Count I for his mere presence on the Capitol grounds while others allegedly obstructed, impeded, or interfered with law enforcement officers." ECF No. 33 at 6. Count One does not charge the defendant with being "merely present" on restricted Capitol Grounds, but with knowingly obstructing, impeding, or interfering with a law enforcement officer during a civil disorder. And as the defendant notes,

the government has previously informed him that his conduct with a flagpole by the Senate Wing Doors will be part of its proof as to Count One. ECF No. 33 at 3. The government may, of course, introduce additional evidence of the defendant's conduct. The affidavit in support of the complaint, as well as the videos provided to defense counsel, highlight several acts that are relevant to the defendant's conduct relevant to the offense charged in Count One.

Finally, in his motion, the defendant claims that the government must identify whether the alleged criminal act is "nonviolent political expression" or "non-expressive conduct." *Id.* at 4. Rule 7 does not impose such a burden on the government. And while the defense implies that First Amendment concerns may be at issue, a separate defense motion is pending that will resolve any viable constitutional issue prior to trial. *See* ECF 35 at 4 (attacking Count One on First Amendment grounds). More to the point, assuming the constitutionality of the statute, the First Amendment is not an appropriate defense at trial.

**CONCLUSION**

For the foregoing reasons, the defendant's motion for a Bill of Particulars should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Patrick Holvey*
PATRICK HOLVEY
DC Bar No. 1047142
SARAH C. MARTIN
D.C. Bar 1612989
Assistant United States Attorneys

601 D Street NW
Washington, DC

(202) 252-7224
Patrick.Holvey@usdoj.gov

202-538-0035
Sarah.Martin@usdoj.gov