UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 24-cr-326 (JDB) |
| | : | |
| CARLOS AYALA, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNT TWO AND THREE OF THE INDICTMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its opposition to defendant Carlos Ayala's motion to dismiss Counts Two and Three of the Indictment. ECF 34.

Ayala's motion should be denied. First, he argues that the Indictment does not allege the U.S. Secret Service designated the restricted area under 18 U.S.C. § 1752(a)(1) and (a)(2). But his argument is focused on extra-Indictment information focused on U.S. Capitol Police's security barriers, not the language of the Indictment, which tracks the statute Ayala is accused of violating. Second, he argues that Vice President Pence was not "temporarily visiting" the Capitol Building on January 6, 2021, a rationale previously (and explicitly) rejected by this Court. *See United States v. McHugh*, 21-cr-453, 2022 WL 296304, at *20-21 (D.D.C. Feb. 1, 2022) (Bates, J.). Third, he argues that the Indictment does not allege he knew that Vice President Pence was at the Capitol at the time of his alleged conduct. But that does not matter as the Circuit has decided that his personal knowledge of the Vice President's presence is not an element of the offense. *See United States v. Griffin*, 119 F.4th 1001, 1025 (D.C. Cir. 2024). Accordingly, his motion should be denied.

I. **Legal Standard**

"[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953));*see also United States v. Williams*, 679 F.2d 504, 508 (5th Cir. 1982) (Rule 7(c) "does not [require] that the indictment must set forth facts and evidentiary details necessary to establish each of the elements of the charged offense."); *United States v. Apodaca*, 275 F. Supp. 3d 123, 153-54 (D.D.C. 2017) (Howell, C.J.) (rejecting a Rule 7(c) motion to dismiss § 924 (c) charges on the ground that "they do not identify specific weapons, specify where and when the weapons were possessed, or state whether weapons were 'used, carried or brandished.'"); *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (rejecting a Rule 7(c) challenge to a Hobbs Act robbery charge on the ground that the "indictment does not specify what it was that defendants allegedly conspired to steal or precisely how the conspiracy would have affected interstate commerce. Rather, it alleges in conclusory terms that defendants conspired to commit robbery and thereby affected interstate commerce.").

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)) (indictment charging a violation of 18 U.S.C. § 1461 did not define "obscene"). "[T]o be sufficient, an indictment need only inform the defendant of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense." *Verrusio*, 762 F.3d at 13 (indictment charging accepting of illegal gratuities was not deficient because it did not "allege precisely how Verrusio

contemplated influencing [amendments to a federal highway bill]"); *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) ("It was enough for the indictment [charging an attempt to violate the unlawful reentry statute, 8 U.S.C. § 1326(a)] to point to the relevant criminal statute and allege that respondent "intentionally attempted to enter the United States ... at or near San Luis ... Arizona" "[o]n or about June 1, 2003."). *See also United States v. Webster*, 125 F.3d 1024, 1030 (7th Cir. 1997) (rejecting a Rule 7(c) challenge where the "indictment alleges, in the language of the statute, the time and place of the fraudulent concealment; the person accused of violating the bankruptcy fraud statute; the manner ("knowingly and fraudulently") in which he concealed the property; the general identification of the party (a "trustee") from whom it was concealed; and the general identity of the property as part of a bankruptcy estate.").

II. **Argument**

A. *The U.S. Secret Service's Restricted Area Is Properly Alleged In the Indictment.*

Ayala first argues that "the indictment fails to allege that Mr. Ayala engaged in conduct in a restricted area designated by the U.S. Secret Service." ECF 24 at 3. This is clearly refuted by the language of the indictment and the referenced statute.

The Indictment reads:

**COUNT TWO**
On or about January 6, 2021, in the District of Columbia, CARLOS ALBERTO AYALA did knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off ,and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, without lawful authority to do so.

(Entering and Remaining in a Restricted Building or Grounds, in violation of Title 18, United States Code, Section l 752(a)(l))

**COUNT THREE**

On or about January 6, 2021, in the District of Columbia, CARLOS ALBERTO AYALA did knowingly, and with intent to impede and disrupt the orderly conduct

> of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions.
>
> (Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of Title 18, United States Code, Section 1752(a)(2))

ECF 27.

And, as clearly set forth in the relevant definitions, 18 U.S.C. § 1752(c)(1), "the term 'restricted buildings or grounds' means any posted, cordoned off, or otherwise restricted area— . . . (B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting" and under (c)(2), "the term 'other person protected by the Secret Service' means any person whom the United States Secret Service is authorized to protect under section 3056 of this title or by Presidential memorandum, when such person has not declined such protection," which includes the Vice President. 18 U.S.C. § 3056(a)(1).

Accordingly, the Indictment expressly alleges that (a) Ayala engaged in conduct (b) in a restricted area and (c) that that area was restricted due to the presence of a Secret Service procectee, namely the Vice President. This is sufficient to overcome Ayala's attack. Each of Count Two and Count Three of the Indictment charges a violation of a specified statute, employing the complete statutory language, which includes each of the elements of the charged offense. Each count alleges that Ayala committed the charged offense on January 6, 2021 inside the District of Columbia. *See Apodaca*, 275 F. Supp. 3d. at 154 (charges were sufficiently pled because "[i]n addition to 'where' the offenses were allegedly perpetrated, the indictment also states 'when' they were allegedly committed").

i. *Ayala's Arguments About U.S. Capitol Police Are Both Irrelevant and Wrong.*

Ayala presents argument about U.S. Capitol Police protective measures in other cases, ECF 34 at 4, but that is not relevant to a facial attack to the sufficiency of the Indictment to set forth facts and evidentiary details necessary to establish each of the elements of the charged offense. To the extent that Ayala believes that the government cannot prove that the restricted area was protecting a U.S. Secret Service protectee, that is a matter for trial. Ayala is clearly on notice that, and the Grand Jury has alleged that, his conduct occurred in a restricted area, and that area was restricted due to the temporary presence of the Vice President, a U.S. Secret Service protectee. Ayala's argument should be rejected.

But even if it was relevant, his argument that that only the Secret Service can designate restricted areas under § 1752 is meritless. Ayala asserts he is immune from liability under § 1752 because, in anticipation of the certification vote, the United States Capitol Police, not the Secret Service, determined the locations of the fences and other barricades and the "Do Not Enter" signs around the Capitol Building that were in place on January 6. ECF 34 at 4-6. He is wrong.

The text of Section 1752 "is not complex," *United States v. Griffin*, 549 F.Supp.3d 49, 54 (D.D.C. 2021) (McFadden, J.). Like the defendant in *Griffin*, Ayala "contends that the Secret Service must 'establish' the restricted area under § 1752(c)(1)," "[b]ut that requirement is not in the text." *Id*. at 54-55. "Indeed, the only reference in the statute to the Secret Service is to its protectees. Section 1752 says nothing about who must do the restricting." *Id*. at 55. The text "plainly does not require that the Secret Service be the entity to restrict or cordon off a particular area," *United States v. Mostofsky*, 21-cr-138 (JEB), 2021 WL 6049891, at *13 (Boasberg, J.) (D.D.C. December 28, 2021). "Congress's failure to specify how an area becomes 'restricted' just means that the statute does not require any particular method for restricting a building or grounds."

*See United States v. McHugh*, No. 21-cr-453, 2022 WL 296304, at *18 (D.D.C. Feb. 1, 2022) (Bates, J.)

Other judges of this District, including this Court, have addressed this issue, coming to same conclusion as Judge McFadden in *Griffin*.[1] As this Court noted in *United States v. Bozell*, "The Capitol Police May Establish a Restricted Building or Grounds Under 18 U.S.C. § 1752." 21-cr-216 (JDB), 2022 WL 474144, at *8. This Court should reaffirm this correct reading of § 1752 and reject Ayala's improper construction.

### B. Vice President Pence was Temporarily Visiting the Capitol on January 6, 2021

Ayala next argues that "section 1752 [does] not apply to Mr. Ayala's alleged conduct because the Vice President was not 'temporarily visiting' the Capitol on January 6, 2021." ECF 34 at 6. Specifically, he contends that these charges fail to state an offense because, in his view, the Vice President was not "temporarily visit[ing]" the U.S. Capitol when he was carrying out his constitutionally and statutory mandated obligations in the Capitol building on January 6, 2021. He is wrong for the same reason as before: this is an attack on the sufficiency of the government's prospective evidence, not whether the indictment is sufficiently pled.

Ayala's argument defies the plain text, structure, and purpose of the statute. Chief Judge Howell correctly rejected an analogous claim in *United States v. Williams*, 1:21-cr-377, ECF No. 88 (D.D.C. June 8, 2022). At least four other judges of this District, including this Court, have rejected permutations of the same arguments in other January 6 cases. *See United States v.*

---

[1] *See United States v. Andries*, 21-cr-93 (RC), 2022 WL 768684, at *14 (D.D.C. March 14, 2022); *United States v. Bozell*, 21-cr-216 (JDB), 2022 WL 474144, at *8 (D.D.C. Feb. 16, 2022); *United States v. Nordean*, 21-cr-175 (TJK), 2021 WL 6134595, at *18 (Dec. 28, 2021); Omnibus Order, *United States v. Caldwell*, Crim. No. 21-28 (APM) (D.D.C. Sept. 14, 2021) [Dkt. No. 415] at 4; *United States v. Puma*, 1:21-cr-0454 (PLF), 2022 WL 823079, at *14–16 (D.D.C. Mar. 19, 2022); *United States v. Bingert*, 1:21-cr-91(RCL), 2022 WL 1659163, at *14 (D.D.C. May 25, 2022).

*McHugh*, 21-cr-453, 2022 WL 296304, at *20-21 (D.D.C. Feb. 1, 2022) (Bates, J.); *United States v. Andries*, 21-cr-93, 2022 WL 768684, at *16-17 (D.D.C. Mar. 14, 2022) (Contreras, J.); *United States v. Puma*, 21-cr-454, 2022 WL 823079, at *16-18 (D.D.C. Mar. 19, 2022) (Friedman, J.); *United States v. Bingert*, 21-cr-91, 2022 WL 1659163, at *15 (D.D.C. May 25, 2022) (Lamberth, J.). No district judge has sided with Ayala's view.

This Court should reaffirm it's decision in *McHugh* and reach the same conclusion here: "Vice President Pence was 'temporarily visiting' the Capitol on January 6, 2021." *McHugh*, 583 F. Supp. 3d 1, 32 (D.D.C. 2022).

To determine the meaning of a statute, the Court "look[s] first to its language, giving the words used their ordinary meaning." *Levin v. United States*, 568 U.S. 503, 513 (2013) (internal quotation omitted) (quoting *Moskal v. United States*, 498 U.S. 103, 108 (1990)). Subsection 1752(c)(1)(B) defines "restricted buildings or grounds," in relevant part, as "any posted, cordoned off, or otherwise restricted area … of a building or grounds where the President or other person protected by the Secret Service is or will be *temporarily visiting*." (Emphasis added). In turn, the verb "visit" means, *inter alia*, "to go to see or stay at (a place) for a particular purpose (such as business or sightseeing)" or "to go or come officially to inspect or oversee."[2] And the adverb "temporarily" adds that the protectee's visit must occur "during a limited time."[3]

As a textual matter, then, definition of "visit" plainly describes the Secret Service protectee's activities on January 6. Vice President Pence was physically present at the U.S. Capitol for a particular purpose: he presided over Congress's certification of the 2020 Presidential Election, first in the joint session, and then in the Senate chamber. While not specifically alleged

---

[2] https://www.merriam-webster.com/dictionary/visit (last visited July 19, 2022).
[3] https://www.merriam-webster.com/dictionary/temporarily (last visited July 19, 2022).

in the information, two other Secret Service protectees (members of the Vice President's immediate family) also came to the Capitol building that day for a particular purpose: to observe these proceedings while they were ongoing and Vice President Pence was present. Furthermore, as President of the Senate, Vice President Pence oversaw the vote certification. And all three protectees visited the Capitol temporarily—i.e., during a limited time. Given the nature of the presence of the Vice President (and his family members), the Capitol building plainly qualified as a building where "[a] person protected by the Secret Service [was] … temporarily visiting," 18 U.S.C. § 1752(c)(1)(B). See Williams, No. 1:21-cr-377, ECF No. 88, at 5-6 (adopting the "plain reading of the words" in subsection 1752(c)(1)(B) urged by the government); McHugh, 2022 WL 296304, at *21 (reaching "a commonsense conclusion: the Vice President was 'temporarily visiting' the Capitol"); Andries, 2022 WL 768684, at *16 ("Vice President Pence was 'temporarily visiting' the Capitol on January 6, 2021 if he went to the Capitol for a particular purpose, including a business purpose, and for a limited time only. Plainly he did. He went to the Capitol for the business purpose of carrying out his constitutionally assigned role in the electoral count proceeding; he intended to and did stay there only for a limited time."); Puma, 2022 WL 823079, at *17 (under the plain language of Section 1752, the Vice President "was temporarily visiting the Capitol on January 6, 2021: he was there for a limited time only in order to preside over and participate in the Electoral College vote certification."). Ayala has given this Court no reason to depart from its prior rulings and the rulings of its colleagues.

C. **The Government Does Not Need To Prove Actual Knowledge Of Vice President Pence's Presence**.

Ayala's final attack on Count Two and Three is futile. He alleges, contrary to binding law in this Circuit, that because "the Indictment does not allege that Mr. Ayala knew that former Vice President Pence was present at the Capitol at the time of his alleged conduct," ECF 34 at 8, and

thus that the Indictment "fails to allege that he knowingly engaged in any conduct in a restricted building or grounds." *Id*. But this construction of "knowingly" has been considered and rejected by the Circuit in *United States v. Griffin*, 119 F.4th 1001 (D.C. Cir. 2024).[4] It cannot be entertained here and, accordingly, his argument should be rejected.

### III.     Conclusion

For the foregoing reasons, the Court should deny the defendant's Motion to Dismiss Counts Two and Three.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Patrick Holvey*
PATRICK HOLVEY
DC Bar No. 1047142
SARAH C. MARTIN
D.C. Bar 1612989
Assistant United States Attorneys

601 D Street NW
Washington, DC

(202) 252-7224
Patrick.Holvey@usdoj.gov

202-538-0035
Sarah.Martin@usdoj.gov

---

[4] Ayala acknowledges that *Griffin* resolves this issue but raises it to preserve the issue for appellate review. ECF 34 at 3 n.1.